```
            IN THE UNITED STATES DISTRICT COURT
         FOR THE EASTERN DISTRICT OF PENNSYLVANIA
```

KOLBEA FIELDS, *et al.*          :     CIVIL ACTION
                                 :
      v.                        :
                                 :
PRO-GUARD SECURITY, INC., *et al.* :   NO. 09-3387

**MEMORANDUM**

FULLAM, Sr. J.                                September 22, 2009

      The plaintiffs have moved to remand this case to the Court of Common Pleas of Philadelphia County on the grounds that not all of the defendants consented to removal.  The City of Philadelphia and several employees thereof were served on July 24, 2009.  On July 28, 2009, these defendants filed a notice of removal in this Court.  The notice of removal stated that the other defendants had not been served; according to the docket from the Court of Common Pleas, this was correct.  Several other defendants were served that same day, July 28, but the proofs of service were not filed in the Court of Common Pleas until July 29, 2009 (the plaintiffs contend that the complaint was mailed to several out-of-state defendants on July 24, 2009, but the state-court docket does not report service on any non-City defendants before the notice of removal was filed).  Thus, there is no defect in the notice of removal that would permit remand on the plaintiffs' motion.  See Lewis v. Rego Co., 757 F.2d 66, 68 (3d Cir. 1985).

Although the plaintiffs' motion must be denied, a defendant upon whom process is served after removal may move to remand the case.  28 U.S.C. § 1448.  The motion must be filed within 30 days of service.  The defendant Magic Drum & Bugle Corp. was not served until August 24, 2009, and therefore this defendant could file a motion to remand.  In addition, defendant Everett Covington sent a letter to counsel for the City defendants on August 18, stating that Mr. Covington did not consent to the removal of this matter to federal court.  The letter was attached as an exhibit to the plaintiffs' motion.  Because Mr. Covington manifested a desire to challenge the removal, I will permit this defendant the opportunity to file a motion for remand *nunc pro tunc.*  If the motion is filed within 10 days, it will be considered to have been filed as of August 25, 2009, the date the plaintiffs' motion was filed.

An order will be entered.

BY THE COURT:

/s/ John P. Fullam
Fullam,          Sr. J.